Town of Eastchester, Plaintiff, *v.* Fairfield Junior Corp., Defendant.

County Court, Westchester County, October 28, 1947.

*Harry J. Hill* for plaintiff.

*Allan R. Campbell* for defendant.

Gallagher, J. This is a motion for judgment of foreclosure and sale in an in rem tax lien foreclosure, and to determine the priorities of the parties and the manner of distribution of the proceeds of sale. Two parcels are in question, and there the questions relate only to the order of priority of various liens held by the Town of Eastchester and the defendant, Fairfield Junior Corporation. It is unquestioned that town and village liens of the same year have equal priority (Tax Law, § 99-a). The defendant has confused the year of the tax sale with the year of levy; but there is no doubt that the latter is governing date (Westchester County Tax Act, § 15 [L. 1916, ch. 105, as amd.]; Village Law, § 116). The sole remaining question is whether the town-owned transfers of liens of 1943, 1944 and 1945 take priority over the Fairfield-owned transfer of 1946. It is agreed that the general rule is that the last lien takes priority (Tax Law, § 99; *Field* v. *Stalica*, 290 N. Y. 181, 185). The town, however, claims a priority by virtue of section 37 of the Westchester County Tax Act which provides,

*inter alia,* that a transfer of tax lien is sold "subject to all taxes and assessments * * * which are still * * * due and owing to the town making the sale * * *." Defendant claims that this applies only to taxes due the town as a tax district rather than as the purchaser of liens.

In *Williams* v. *Birckhead* (N. Y. L. J., Oct. 2, 1939, p. 926, col. 1) Mr. Justice WITSCHIEF, ruling on this point, said: " The reasonable construction of the Law seems to be that when a town has received the cash for a tax by sale of a tax lien, and there is no longer anything due the town on that tax, the tax lien shall be subordinate to all later tax liens. But, when the town has bought in the tax lien, has received no cash for the tax, and has probably borrowed money on the security of the tax lien, the tax is still due to the town and is superior to a subsequent tax lien." This opinion was affirmed in 258 Appellate Division 1084. This matter was decided before the enactment of the present sections 99 and 99-a of the Tax Law, but the instant case would seem to come within the exception set up in that section. The fact that this is an in rem proceeding would not take the matter out of the Westchester County Tax Act as to matters affecting the creation of tax liens and priorities between them. The *Williams* case (*supra*) was an interpretation of section 45 of the Westchester County Tax Act in a foreclosure of liens under that act. But the similar wording in section 37 of that Act would affect a foreclosure under either that act or the in rem act, since it declares existing rights before any foreclosure is begun.

The motion for judgment of foreclosure and sale is granted and it is directed that the proceeds of sale shall be distributed according to the following table of priorities. Interest at the proper rates is to be added to all amounts set forth.

Parcel 68

| Priority | Year of Tax | Tax district | Year of sale | Owner | Amount |
|---|---|---|---|---|---|
| 1 | 1946 | Town | Not sold | Town | $85.90 |
| 2 | 1945 | Village | 1946 | Fairfield | 301.68 |
| 3 | 1944 | Town | 1945 | Town | 73.95 |
| 4 | 1943 | Town | 1944 | Town | 74.63 |
| 5 | 1942 | Town | 1943 | Town | 73.42 |
| 6 | 1945 | Town | 1946 | Fairfield | 139.36 |

Parcel 69

| Priority | Year of Tax | Tax district | Year of sale | Owner | Amount |
|---|---|---|---|---|---|
| 1 | 1946 | Town | Not sold | Town | $64.42 |
| 2 | 1945 | Town | 1946 | Town | 71.96 |
|  | 1945 | Village | 1946 | Fairfield | 159.03 |
| 3 | 1944 | Town | 1945 | Town | 71.59 |
|  | 1944 | Village | 1945 | Fairfield | 170.80 |
| 4 | 1943 | Town | 1944 | Town | 72.25 |
|  | 1943 | Village | 1944 | Fairfield | 200.90 |
| 5 | 1942 | Town | 1943 | Town | 71.09 |
|  | 1942 | Village | 1943 | Fairfield | 216.80 |